# Anderson *v.* The State.

*Indictment for Illegal Voting.*

1. *Illegal voting; disfranchisement by conviction of larceny.*—The constitutional provision which disfranchises all persons who "shall have been convicted of treason, embezzlement of public funds, malfeasance in office, larceny, bribery, or other crime punishable by imprisonment in the penitentiary" (Art. VIII, § 3), while it applies to all felonies not specifically named, includes all grades of larceny, or other offenses particularly named, whether felonies or misdemeanors; consequently a person convicted of petit larceny is disfranchised and disqualified as a voter.

[Anderson v. The State.]

From the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The defendant in this case, Wash. Anderson, was indicted for illegal voting; the indictment charging that, "having been duly convicted and sentenced for the offense of petit larceny in this State, he knowingly and willfully voted at the last general election held in this State on the first Tueseday after the first Monday in November, A. D. 1882." There was a demurrer to the indictment, on the ground that a conviction of petit larceny did not disqualify a person as a voter; and the demurrer being overruled, the defendant pleaded not guilty. The same question was presented by a request for instructions to the jury, which were refused, exceptions being duly reserved to their refusal.

F. G. BROMBERG, for appellant.—The constitutional provision perpetually disfranchising a citizen is highly penal.—*Ex parte Dorsey*, 7 Porter, 293; *Cummings v. Missouri*, 4 Wall. 177. Like other penal laws, therefore, it must be strictly construed.—*Bettis v. Taylor*, 8 Porter, 564; *Gunter v. Leckey*, 30 Ala. 597; *Smith v. Causey*, 22 Ala. 568. This provision, and the 18th section of the 4th article, specifying the causes which disqualify a person to hold office, are *in pari materia*, and must be construed in connection with each other; and thus construed, "larceny or other crime punishable by imprisonment in the penitentiary," as used in the former, is synonymous with "other infamous crime," as used in the latter. At common law, all felonies were infamous, and larceny was a felony; but, under our statutes, a felony is an offense which may be punished by imprisonment in the penitentiary, and petit larceny is not a felony. Convictions of bribery, perjury, forgery, "or other high crimes or misdemeanors," have been causes of disfranchisement since the constitution of 1819 was adopted. All the crimes enumerated as the causes of disfranchisement, except larceny, are offenses of a public nature, striking at the integrity of elections, or the life of the State, or are violations of public trusts, or usurpations and oppressions by public servants, or high offenses against persons. Larceny alone is an offense against property, and no reason can be assigned for subjecting petit larceny to the same severe punishment affixed to these grave offenses. In a very large proportion of cases, petit larceny is the crime of youthful persons; and it never could have been the intention of the framers of the constitution, by affixing this unusually severe punishment,—extending through the whole life of the offender, and branding him with a mark which can not be obliterated,—to cut off all hope of reformation, and forever bar him from attaining the full rights and

[Anderson v. The State.]

privileges of citizenship. The use of the word *other*, before the general term "crime punishable by imprisonment in the penitentiary," shows that the particular crime which disqualifies is that which is punished by such imprisonment.—*Bush v. The State*, 18 Ala. 415; *Macomber's case*, 3. Mass. 257.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—The constitution of Alabama declares, that persons convicted of certain enumerated crimes shall not be permitted to register, vote, or hold office.—Art. 8, § 3. Among the crimes thus enumerated is larceny. It is not denied, in this case, that the defendant had been convicted of larceny since the adoption of the constitution of 1875, and that he afterwards registered, and voted at the general election held in November, 1882. The precise ground of defense urged in the court below, and renewed here, was, and is, that the offense of which he had been convicted was petit larceny, and, under our statutes, not a felony.

We do not think there is anything in this objection. The provision of the constitution makes no exception, and we do not feel at liberty to engraft one upon it. Larceny is larceny, whether grand or petit; and we fail to perceive that the value of the thing stolen, whether a shade above or a shade below the dividing line, can enter into its moral criminality. The *animus furandi* determines the moral aspects of the question.

We can not assent to the proposition, that "the use of the word 'other,' before the generic term 'crime punishable by imprisonment in the penitentiary,' shows that the particular crime of larceny, which disqualifies, is that larceny which is punished by imprisonment in the penitentiary." If that construction be sound, then the principle must equally apply to the other clauses, "malfeasance in office," and "bribery." Some grades of these are not punishable by imprisonment in the penitentiary; yet we think the intention was to visit disfranchisement on every grade of these offenses. Moreover, if the intention had been to disfranchise only convicted felons, it would have been much easier to employ that general and comprehensive term.

. The judgment of the City Court is affirmed.