# Baker *v.* Trotter.

*Action on the Case, founded on Letter of Recommendation.*

1.　*When recommendation actionable.*—The recommendation of another as to trustworthiness, to be actionable, must assert either that which the party making it knows to be false, or that of the truth of which he has no knowledge or well founded belief; and hence, a mere representation, by a stranger, of a fact which, at the time of making it, he believes to be true, can not render him liable for money loaned, or credit given thereon to the party in whose favor the representation was made.

2.　*Admissibility of evidence; what an inference or conclusion.*—In an action on the case, founded on a letter written by the defendant to the plaintiff, recommending another as trustworthy, the latter having loaned money on the faith thereof, the plaintiff can not testify as a witness, that he never would have loaned the money but for the letter written to him by the defendant, such testimony being, not of a fact, but of an inference or conclusion of fact, to be drawn by the jury.

3.　*Action on letter of recommendation; admissibility of good character of the party in whose favor the letter was written.*—In such an action, evidence of the good character of the party in whose favor the letter was written, having a tendency to show that the defendant had a well founded

[Baker v. Trotter.]

belief in the truth of the representations made in the letter, is admissible for the defendant.

4. *Same; what admissible on cross-examination of witnesses.*—In such action, the defendant having examined as a witness the party in whose favor the letter was written, it is error for the primary court to refuse to allow the plaintiff, on cross-examination, to ask the witness, for the purpose of affecting his credibility, whether, "some two years previously, in the Circuit Court of Pike county, in which county he formerly lived, his character was not shown to be that of a hog-thief."

APPEAL from Henry Circuit Court.

Tried before Hon. H. D. CLAYTON.

This action was brought by Joseph Baker against T. H. Trotter, J. Z. S. Connerly and Hosea Powell, and was commenced on 12th February, 1881. The complaint avers, in substance, that on 26th November, 1879, the defendants wrote, signed and delivered to J. M. Folks a letter addressed to the plaintiff, which is set out in the complaint; that Folks was then an entire stranger to plaintiff; that soon thereafter Folks brought the letter and delivered it to plaintiff, requesting the loan of $150, and representing that he owned "plenty of unencumbered personal property," and promising that he would, as soon thereafter as convenient, secure the payment of the loan by a mortgage on "said property," or would give to the plaintiff his note with good personal security therefor; that plaintiff, relying on the representations made in said letter touching Folks, and upon the faith which it had induced plaintiff to have in the promises and statements of said Folks, loaned him $150; that Folks afterwards never performed nor tender performance of his promise to secure said loan, and has never repaid it; that Folks' representation that he had "sufficient unencumbered personal property which he could and would mortgage to plaintiff to secure the repayment of said $150, was false;" that Folks was then, and ever since has been, wholly insolvent and untrustworthy; and that said letter "caused plaintiff's loss and damage as aforesaid, wherefore he sues." The cause was tried on issue joined on the plea of the general issue, the trial resulting in a verdict and judgment for the defendants, from which the plaintiff appealed. After the plaintiff had introduced evidence tending to support the averments of his complaint, the defendants introduced evidence tending to show that, while they "knew little about Folks or his property, yet they knew nothing against him, and believed him to be reliable and trustworthy; that they had no purpose of defrauding or injuring the plaintiff, and gave said Folks the said letter to the plaintiff in a spirit of accommodation, and believed that he would pay whatever he promised." It was also shown that Folks, at the time the letter was written, resided "from three to five miles from the defendants, and that he had resided in that neighborhood, and defendants had known

[Baker v. Trotter.]

him for a little over one year when the letter was written."
Exceptions were reserved to the admissibility of evidence, the
facts in reference to which are sufficiently stated in the opinion:

The circuit court gave to the jury, at the written request of
the defendants, the following charges, to which the plaintiff ex-
cepted: 1. "Unless the evidence satisfies the jury that the rep-
resentations made by the defendants were false or fraudulent,
or that the representations were recklessly made, the plaintiff
can not recover in this action." 2. "If it appears to the jury
from the evidence that the representations made by the defend-
ants were made by them in good faith, and not made recklessly,
then the defendants are not liable, although the representations
be proven to be unfounded." 3. "Although the evidence may
show to the jury that Folks did not comply with his promise
or promises to plaintiff, to secure the debt, yet, unless the evi-
dence satisfies the jury that the representations were either
recklessly or fraudulently made by the defendants, then the
plaintiff can not recover in this suit."

The second and fourth charges requested by the plaintiff, and
refused by the court, referred to in the opinion, are as follows:
2. "That it was the duty of Folks to make and tender to Baker
a note with good personal security or a mortgage upon a suffi-
ciency of personal property to secure the payment of the debt."
4. "That although Folks may have had enough personal prop-
erty to have secured the debt, yet, if they believe from the evi-
dence that he promised to give plaintiff a mortgage on it, and
never made nor tendered a mortgage to the plaintiff upon said
property, then that was a statement and promise which was
false." To the refusal to give these charges, and two others
not necessary to be set out, the plaintiff duly excepted.

The rulings on the admissibility of evidence, and the charges
given and the refusal to charge as requested are here assigned
as error.

W. C. OATES, for appellant. (1) The letter written by the
defendants was not a mere expression of opinion or recommend-
ation, as in *Einstein v. Marshall*, 58 Ala. 153, relied on by the
appellees; but it was a letter of credit, on which the appellant
acted to his injury. (2) Evidence of the good character of
Folks was irrelevant, because, whether his character was good
or bad, the letter induced the appellant to rely on Folks' prom-
ise, which was false, and they were responsible for the damages
resulting to appellant. (3) The circuit court erred in sustain-
ing appellees' objection to the question propounded by appel-
lant to Folks on cross-examination.—1 Greenl. on Ev. § 454;
*Ingram v. State*, 67 Ala. 72; *Hall v. State*, 40 Ala. 706.

[Baker v. Trotter.]

D. M. Seals and J. G. Cowan, *contra*.   (1) The instrument on which this suit is founded is not a letter of credit, but is simply a letter of recommendation.—2 Abbott's Law Dict. p. 30; *Einstein v. Marshall*, 58 Ala. 153.   (2) That the plaintiff would not have loaned the money but for the letter, was not a fact to which the plaintiff could legally testify.—*Sledge v. Scott*, 56 Ala. 206.   (3) The circuit court did not err in refusing to permit Folks to answer the question propounded to him by the plaintiff on cross-examination.   It did not indicate the character of the action, whether civil or criminal, or whether Folks was a party to the suit, or a witness.   It was not a legitimate mode of impeaching the character of Folks, or of discrediting his testimony ; and it called for an opinion of the effect of an effort to impeach on another occasion.   (4) Nor did the court err in receiving evidence of Folks' good character. The good faith of defendants in writing the letter was involved, and Folks' good character was pertinent to show their good faith.—See *Durr v. Jackson*, 59 Ala. 203; 25 Ala. 174; 1 Greenl. on Ev. § 54; *Gough v. St. John*, 16 Wend. 646.

STONE, J.—1. This was an action on the case, for damages alleged to have been suffered by the appellant, in consequence of the following note, admitted to have been written by the appellees, and by them delivered to one J. M. Folks: "At Home, Henry County, Alabama, Nov. 26th, 1879.   Mr. Joseph Baker, Present.   This will introduce to you Mr. J. M. Folks who is in want of some money.   Whatever he tells you, you may rely on it.   T. H. Trotter, J. Z. S. Connerly, Hosea Powell."

The appellant loaned to Folks one hundred and fifty dollars, Folks promising either to execute to the appellant a mortgage upon sufficient property to secure the payment of the money, or to give him a note with personal security.   Folks failed to comply with his agreement, and has not repaid the money.

The theory upon which the appellant proceeds is, that the note written to him by the appellees is a guaranty, thereby rendering themselves liable to make good to the appellant any loss he might sustain by reason of extending credit to Folks, although they may have believed, at the time of making the representations, that they were true.

It was said by this court, in *Einstein v. Marshall*, 58 Ala. 153: " A representation of what is believed to be true, though false in fact, can not, when made by a stranger, confer a right of action."   The law requires that the recommendation, to be actionable, shall assert either that which the party making it knows to be false, or of the truth of which he has no knowledge

or well founded belief. But a mere representation, by a stranger, of a fact which at the time of making it he believes to be true, can not render him liable for the injury suffered.—*Einstein v. Marshall, supra.*

The three charges requested by the appellees were clearly in accordance with these views, and the circuit court did not err in giving them. The 1st and 3d charges requested by the appellant and refused by the court assert the reverse of this principle, and they were properly refused.

2. The 2d and 4th charges requested by the appellant relate to matters subsequent to the giving of the note to Folks, and to the loan of the money by Baker. The giving of them could have had no other effect than to divert the attention of the jury from the real issues in the case, and to direct it to matters foreign to the issues, and were, therefore, properly refused.

3. The court did not err in refusing to allow the appellant, as a witness for himself, to testify " that he never would have let Folks have the money but for the note written to him by the defendants." This testimony was not of a fact, but an inference or conclusion of fact to be drawn by the jury.—*Sledge v. Scott,* 56 Ala. 202.

4. Evidence of the good character of Folks, offered by the appellees, was properly admitted. It had a tendency to show that the appellees had a well founded belief in the truth of the representations made by them in their letter to the appellant. Whether the representations were or not recklessly made, was a material inquiry in the case, and any evidence having a tendency to throw light upon it was proper and competent.

5. The appellant, on cross-examination, proposed to ask the witness Folks, "If some two years previously, in the Circuit Court of Pike county, in which county he formerly lived, his character was not shown to be that of a hog-thief." This was objected to, and ruled out. In this the circuit court erred. It was not proposed to prove he had been guilty of the crime, or had been convicted of it. That would have required the production of the record; and, if shown, would have rendered the witness incompetent.—*Sylvester v. The State,* 71 Ala. 17 ; *Anderson v. The State,* 72 Ala. 187. The fact sought to be proved was the character he bore in another county. This, to affect his credibility, not his competency. For this purpose, and on cross-examination, it was admissible.—*Childs v. The State,* 58 Ala. 349 ; *Ingram v. The State,* 67 Ala. 67. If there was danger of the testimony exerting an improper influence on the jury, that was a subject for a charge, limiting its effect to the question of credibility. It could not bear on the liability of the defendants, unless knowledge of such bad reputation was, in some le-

[Randle, Adm'r, v. Boyd.]

.gitimate mode, carried home to them.—1 Brick. Dig. 847, §§ 618–19.

Reversed and remanded.