# Thompson *v.* The State.

*Indictment for Larceny from the Person.*

1. *Evidence as to character.*—Character, whether good or bad, can only be proved by general reputation ; evidence of particular acts or conduct is inadmissible, both on the direct and cross-examination, though, in the latter greater latitude is allowed than in the former.

.1. *Same.*— Where a witness having testified that he knew the defendant's general character, and that it was mixed, that some people said it was good and some that it was bad, the solicitor may, on cross-examination, properly ask, if he had ever heard of the defendant stealing meat from the store of B. & H.. as the question did not call for an independent act, but for what witness had heard, having a direct

VOL. C.

[Thompson v. The State.]

bearing on the value of the testimony of the witness touching reputation and not as proof of conduct.

3. *Evidence; irrelevant questions.*—A witness may sometimes be asked irrelevant questions to test his accuracy, veracity or credibility, the extent of such course of examination being within the sound discretion of the court.

4. *Defendant as a witness; impeachment.*—A defendant who has offered himself as a witness in his own behalf may be shown by the prosecution to have been convicted of petit larceny by a justice of the peace; such fact, if it exists, being competent as affecting his credibility, but such fact must be proved by the record of the court where the defendant was convicted and not by oral testimony.

5. *Same; error without injury.*—Where the defendant who has offered himself as a witness in his own behalf is asked by the prosecution an illegal question, and, against his objection, is required to answer it, the action of the trial court will not work a reversal, on appeal, if it affirmatively appears that the defendant was not injured.

6. *Same; recalling.*—When on the trial of a criminal case, and after the defendant has testified in his own behalf, the docket of a justice of the peace is offered as affecting his credibility, to show that the defendant had previously been convicted of petit larceny, it is not error for the court to permit the defendant to be recalled by the State to be examined touching his identity with the person whom the record of the justice of the peace showed to have been convicted.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN R. TYSON.

R. L. HARMON for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

HARALSON, J.—1. It is well settled, that character, whether good or bad, can only be proved by general reputation, and evidence of particular acts or conduct is inadmissible, both on the direct and cross-examination, though in the latter, a greater latitude is allowed than in the former, and a witness may sometimes be asked irrelevant questions to test his accuracy, veracity or credibility.—*Moulton v. The State*, 88 Ala. 116; *Morgan v. The State*, Ib. 223; *Moore v. The State*, 68 Ala. 360.

2. Nall, a witness for the defendant, testified as to the general character of defendant—that he knew it, and it was mixed; that some people said it was good, and some that it was bad.

On cross-examination by the solicitor, the witness was asked if he had ever heard of the defendant stealing meat from the store of Ross and Henderson, to which question the defendant objected. It was a proper question. It did not call for an independent act, but for what the witness had heard, having a direct bearing on the value of the testimony

[Toulet v. The State.]

of the witness touching reputation, and not as proof of conduct.—*Ingram v. The State*, 67 Ala. 67; *Baker v. Trotter*, 73 Ala. 277; *Jackson v. The State*, 78 Ala. 471; *Lowery v. The State*, 98 Ala. 45.

3. On the cross-examination of the defendant as a witness, the solicitor was allowed to ask him, if he had not been convicted of petit larceny by a justice of the peace, in the fall of 1887. If the defendant had been convicted, as was proposed to be proved by him—under section 2766 of the Code, that fact was competent to be shown as affecting his credibility.—*Prior v. The State*, 99 Ala. 196. But, if convicted, the record of the court where convicted, was the best evidence, and it was not competent to show it by oral testimony.—*Baker v. Trotter*, 73 Ala. 277; *Burns v. Campbell*, 71 Ala. 271; 1 Gr. Ev. §§ 372, 375.

The question, however, was answered in the negative, and the ruling of the court need not be considered, as it affirmatively appears that the defendant was not injured.—*Perry v. State*, 91 Ala. 83, and authorities cited.

4. There was no error in allowing the docket of the justice of the peace to be introduced tending to show that the defendant had been convicted of petit larceny in the fall of 1887. That was a fact which the statute authorized to be proved as affecting defendant's credibility as a witness. Code, § 2766. Nor was there error, as preliminary to the introduction of this docket, to allow the State to recall the defendant who had already been examined as a witness in his own behalf, and examine him touching his identity with the person who had been convicted before the justice of the peace. This was merely recalling him for the purpose of further cross-examination, a matter always within the discretion of the court.—*Williams v. The State*, 98 Ala. 52; *Thomas v. State*, *ante page*.

The judgment and sentence of the court below is affirmed.