# Murphy v. The State.

*Indictment for Murder.*

1. *Rebutting evidence of good character; what inadmissible.*—In rebuttal of evidence of good character it is error to allow proof that a warrant for the arrest of the defendant was nearly always in the hands of the sheriff. No fact affecting the general reputation of the party to be arrested is shown thereby.

2. *Defendant testifying in his own behalf; impeaching credibility.*—A defendant testifying in his own behalf may be cross examined generally, and compelled to answer the same as if he was merely a witness and not a defendant. It is competent to show for the purpose of affecting his credibility, that he has been convicted of a felony.

3. *Same.*—The court record of the conviction of a witness of a felony is the primary evidence to establish the fact.

4. *Evidence; ruling on objections.*—When a party offers to prove several facts, collectively some of which are legal and others inadmissible, it is not reversible error to sustain an objection to their introduction as an entire statement.

5. *Charge on evidence of good character.*—Good character cannot be separated from the other facts in the case, by referring to it alone. The rule does not authorize the framing of a charge in such a way as to give undue prominence to the fact of character, any more than to any other fact in the case.

6. *Repitition of charges.*—There is no error in refusing charges requested by a party, which are merely repetitions of charges already given at his request; a mere variation in the use of words which does not change the meaning or the application of the principles asserted, does not affect the rule.

7. *Killing an innocent person under duress of another.*—The rule declared in the case of *Arp v. The State*, 97 Ala. 5, followed.

8. *Killing a person other than the one intended.*—If the defendant fired the shot which resulted in the death of the deceased, or was an accomplice of the party who committed the deed, although the shot may have been intended for a different person, the offense, in the eye of the law, is the same that it would have been, if the shot had killed the person for whom it was intended.

9. *Charge upon "a reasonable doubt."*—Although a party is entitled to an acquittal if the jury have a reasonable doubt of his guilt, arising out of any part of the evidence, upon a consideration of the whole evidence, a charge is misleading which instructs the jury that the defendant is entitled to the benefit of any reasonable doubt they may have as to the existence of any material fact in evidence.

Vol. 108.

[Murphy v. The State.]

APPEAL from Baldwin Circuit Court.

Tried before the Hon. W. S. ANDERSON.

The appellant, John Murphy, was indicted, tried and convicted for the murder of Ed Cameron. On the trial, the State introduced evidence to the effect that Ed Cameron came to his death from the effects of a shot from a gun fired through a window of his store, in which he was sitting. The killing occurred at about 8 o'clock at night. That about dusk, on the day of the killing, the defendant was seen with a gun, near the store, and heard to say "I will get revenge if this musket will go off before daylight." The defendant admitted to several persons that he fired the fatal shot, intending to kill John D. Cameron, the father of deceased.

The defendant introduced evidence tending to show that at the time, he was about 14 years of age. That his general reputation was good, and his reputation for peace and quiet was good. The defendant testified in his own behalf that one Jim Early compelled defendant to go with him to the store; that Early fired the fatal shot, and that defendant was present under compulsion and duress by Early, and could not get away. That he did not know for what purpose Early went to the store, and that he, defendant, took no part in the killing. On his cross examination, defendant was asked where he came from to attend the trial. He answered that he came from the coal mines, where he was serving a sentence for burglary. Objections to the question and answer were interposed and overruled.

In rebuttal the State introduced as a witness, the sheriff of Baldwin county, who was allowed to testify against defendant's objection, that he nearly always had a warrant for defendant's arrest.

The defendant stated to the court that he wished to prove by a witness that Jim Early shot Cameron, and that defendant was present only through compulsion and took no part in the killing, and that Cameron had poisoned Early's dog and hired men to kill Early. The court refused to allow this evidence to be admitted and defendant objected to such ruling.

The purport of the charges refused, is sufficiently shown by the opinion.

SAML. B. BROWNE, for appellant.

[Murphy v. The State.]

WM. C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant in the court below was convicted of murder and sentenced to the penitentiary. On the trial the defendant offered evidence of good character. In rebuttal, we presume, of the evidence of good character, the State was allowed to prove, against the objection of the defendant, by a deputy sheriff, "that he nearly always had a warrant for the defendant's arrest." This evidence was clearly illegal, and should have been excluded. A warrant in the hands of an officer for the arrest of another establishes no fact affecting the general reputation of the party to be arrested, and good character can not be impeached by such evidence.

A defendant who avails himself of the right to testify in his own behalf, may be cross-examined generally, and be compelled to disclose all facts within his knowledge which could be elicited if he was merely a witness, and not a defendant, material to the issue, and is subject to all legal questions which may affect his credibility. It is competent to show, for the purpose of affecting his credibility, that a witness has been convicted of a felony, (and a defendant who has been examined is subject to this rule), but the court record of his conviction or a properly certified copy thereof, is the primary evidence to establish the fact. It can not be proven by parol evidence in the first instance.—*Thompson v. The State*, 100 Ala. 70; *Thomas v. The State, Ib.* 53.

When a party states to the court certain facts which he proposes to prove by a witness, some of which are legal and others are inadmissible, the court does not commit a reversible error by sustaining an objection to the introduction of the facts as an entire statement. Counsel offering the evidence should separate the legal from the illegal, and have the court rule separately as to each fact, and reserve his exception.

The proper rule for framing charges relative to good character, is stated in *Goldsmith v. The State*, 105 Ala. 8; *Johnson v. The State, Ib.* 113; *Scott v. The State, Ib.* 57; *Newsom v. The State*, 18 So. Rep. 206. Good character can not be disasociated from the other facts in the case, by referring to it alone as being sufficient to generate a doubt, any more than a similar reference could be made to any other fact in evidence.

[Murphy v. The State.]

Under our rule, good character of the defendant is a fact in the case, in the light of which the other facts must be weighed. The fact of good character may generate a reasonable doubt, when without this fact the jury might be satisfied beyond a reasonable doubt of guilt. The same may be true of other facts in the case. The rule does not authorize the framing of a charge in such way as to give undue prominence to the fact of character, any more than to any other fact in the case.

It is well to keep in mind the rule declared in the case of *L. & N. R. R. v. Hurt*, 101 Ala. 34, where it is held that the court commits no error in refusing charges requested by a party which are mere repetitions of charges already given at his request; a mere variation in the use of words, which do not change the meaning in any respect or application of the principles asserted, do not affect the rule.—*Smith v. The State*, 92 Ala. 30.

We would also direct attention to the rule declared in the case of *Arp v. The State*, 97 Ala. 5, where a defendant, being tried for murder, attempts to justify the taking of the life of an innocent person, under the plea of duress. If the defendant fired the shot which resulted in the death of the deceased, or was an accomplice of the party who committed the deed, although the shot may have been intended for a different person, the offense, in the eyes of the law, is the same that it would have been, if the shot had killed the person for whom it was intended. *Clark v. The State*, 78 Ala. 474. It seems from the evidence, that the deceased was the person at whom the fatal shot was fired.—*Jackson v. The State*, 17 So. Rep. 333.

Although a party is entitled to an acquittal if the jury have a reasonable doubt of his guilt, arising out of any part of the evidence, upon consideration of the whole evidence, a charge is misleading which instructs the jury that the defendant is entitled to the benefit of any reasonable doubt, they may have, as to the existence of any material fact in evidence.

We are of opinion that the principles declared, and authorities cited, will furnish sufficient guide to the court and counsel for the defendant, on another trial.

Reversed and remanded.