# Sims *v.* The State.

### Crime.

(Decided February 3, 1916.   70 South. 959.)

**Witnesses; Impeachment; Conviction of Crime; Oral Evidence.**—Under §§ 4008-9, where a witness had denied that he had pleaded guilty to larceny, it was not error to exclude oral evidence as to his conviction, for the purpose of contradicting him, as the record of the conviction was the only competent evidence.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Brice Sims was convicted of crime, and he appeals. Affirmed.

H. P. MERRITT, for appellant. W. L. MARTIN, Attorney General, and H. G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—The ruling of the trial court in sustaining an objection to evidence offered by the defendant is the only question presented for review. On cross-examination one of the state's witnesses (one Will Bentley) denied that he had either been convicted of larceny, or had pleaded guilty to the charge in the court of a justice of the peace. Subsequently the defendant, on the direct examination of one of his own witnesses, asked him: "Did he [referring to the state's witness Bentley] plead guilty in Mr. Ramsey's court in Notasulga to stealing watermelons?" The state objected to the question, and the court sustained the objection.

Appellant insists that, under sections 4008 and 4009 of the Code, he had the right to contradict this witness' denial that he had been convicted of a crime involving moral turpitude. This contention is correct; and, while a defendant or a witness under this statute (section 4009) may be examined orally touching his conviction, if the witness denies the conviction, proof of the fact must be made by competent evidence. In this case proof should have been made by the introduction of the record showing the conviction, and the court was not in error in sustaining an objection to the question to defendant's witness calling for

oral testimony on the subject.—*Burns v. Campbell,* 71 Ala. 271, 294; *Thompson v. State,* 100 Ala. 70, 72, 14 South. 877; *Murphy v. State,* 108 Ala. 10, 18 South. 557.

We find no error in the record.

Affirmed.