239 So.2d 221

**Henry Albert GOODWIN**

v.

**STATE.**

**3 Div. 38.**

Court of Criminal Appeals of Alabama.

Sept. 1, 1970.

Joseph D. Phelps and Thomas G. Mancuso, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Charles H. Barnes, Asst. Atty. Gen., for the State.

CATES, Judge.

Goodwin was indicted and convicted of a breach of Subsection (a) of Code 1940, T. 14, § 174, as amended, viz:

"No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his possession or under his control."

The grand jury charged that his antecedent conviction was for grand larceny of an automobile.

By definition § 172, T. 14, crime of violence expressly includes, among others, "larceny." See Jackson v. State, 37 Ala. App. 335, 68 So.2d 850.

I

Goodwin undisputedly possessed a pistol at the time of his arrest on January 3, 1969.

To prove that Goodwin had previously been convicted, the prosecution offered J. D. Gafford, Identification Officer for Montgomery County. We extract in part from the examination of Mr. Gafford:

"MR. HARRIS: All right. Do you have in your possession a document or in the files rather of this particular defendant, Henry Albert Goodwin, a report from the United States Department of Justice, Federal Bureau of Investigation, J. Edgar Hoover, Director—

"MR. WALDEN: I object to Mr. Harris reading these questions in the presence of the jury—

"THE COURT: Well, I sustain the objection. Why don't you just ask him if he has a record of a prior conviction and when.

"MR. HARRIS: Well, I was trying to do it like I thought Mr. Walden wanted it done. I mean, I know he doesn't want it done. Does the records of this defendant show any prior convictions relative to an automobile theft?

"MR. WALDEN: Now, we object to that, Your Honor. The best evidence—

"THE COURT: Overruled.

"MR. WALDEN: The best evidence—

"THE COURT: Overruled.

"MR. WALDEN: We except.

"THE WITNESS: It shows a conviction in 1956—

"MR. WALDEN: I want to state my grounds or would you allow me to do that later?

"THE COURT: I will allow it later.

"MR. HARRIS: What did you say? The Defense Attorney was busy talking.

"THE WITNESS: It shows a conviction in 1956 for auto theft where he was sentenced to the penitentiary.

"MR. HARRIS: We submit the witness.

"MR. WALDEN: Now, I move to exclude that answer, Your Honor.

"THE COURT: Denied."

After the State rested, the record here shows that defense counsel began his case as follows:

"MR. WALDEN: I would like to make a motion and I would like to make it outside the presence of the jury.

"THE COURT: That request is denied.

"MR. WALDEN: Then, Your Honor, I will make it in the presence of the jury but under protest. We move that this defendant be discharged, Your Honor, and as grounds for the motion I state that the State has failed to prove the previous conviction and there is such doubt in this Officer's testimony that the defendant is entitled to be discharged for lack of evidence.

"THE COURT: Denied."

II

 Proof of conviction comes from the original court record or a certified copy thereof. No proper predicate was laid for oral proof of a secondary nature.

We judicially know of no Alabama statute making a report from the Federal Bureau of Investigation of the Department of Justice evidence of a conviction in any jurisdiction.

Hence, the rulings cited above were erroneous under established rules enunciated in this State at least as early as 1846 and repeated without deviation. Ansley v. Carlos, 9 Ala. 973; Burns v. Campbell, 71 Ala. 271; Thompson v. State, 100 Ala. 70, 14 So. 878; Murphy v. State, 108 Ala. 10, 18 So. 557; Childers v. Holmes, 207 Ala. 382, 92 So. 615; Sims v. State, 14 Ala.App. 24, 70 So. 959; Wright v. State, 38 Ala.App. 64, 79 So. 2d 66; Smothers v. State, 39 Ala.App. 292, 98 So.2d 66; Patton v. State, 39 Ala.App. 308, 98 So.2d 621 (dictum); Williams' Ala. Evidence, § 89, last paragraph.

In brief, the Attorney General has made the following assertion:

"The Appellant also contends that the trial court erred to reversal in permitting the prosecution witness Gafford to orally testify that defendant had previously been convicted of a crime of violence. The State submits that the record clearly indicates that the witness Gafford testified from the official records of Appellant's prior conviction and that he had these records in his possession on the witness stand. Furthermore, the trial court examined these records and subsequently allowed the testimony from them to go before the jury (R.P. 3). It is obvious from the record that the lower court determined these records to be authentic and conclusive as to Appel-

lant's prior conviction of a crime of violence."

Such a conclusion is an impermissible inference from an otherwise silent record. Moreover, the rules above enunciated, in effect, require a self-proving judgment. Gafford was not shown to be the custodian of the records of any court. His testimony was but hearsay.

### III

■ Appellant's counsel argues that we should overrule *Jackson*, supra, as approving the legislative classification of larceny as a crime of violence.

We find no due process question here; no more than if the legislature had said "crimes of violence *or* larceny." It has been said that within the restrictions only of the Constitution (including that of the United States), the Legislature of Alabama has as plenary power as the Parliament of England. Of that body it has been said, in Austinian vein, that it has the power to decree anything save that a man is a woman and vice versa.

Hence, if our Legislature wants to do violence to the King's English by saying violence includes some non violence, so be it.

### IV

In view of the remandment herein, attention is called to Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, which says, in part:

"To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense is to erode the principle of that case."

For the errors pointed out above, the judgment below is reversed and the cause remanded for trial de novo.

Reversed and remanded.