255 So.2d 598

**Thomas Gere DONAHAY, alias**

**v.**

**STATE.**

**3 Div. 2.**

Court of Criminal Appeals of Alabama.

Jan. 26, 1971.

Rehearing Denied March 2, 1971.

Affirmed after Remandment Oct. 5, 1971.

Further Rehearing Denied Nov. 2, 1971.

Ira DeMent, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

CATES, Judge.

Possession of a pistol after conviction of a crime of violence, Code 1940, T. 14, § 174(a); sentence, three years.

To prove conviction the State, without any predicate to comply with the best evidence rule, used the oral evidence of the Identification Officer of Montgomery County. See Goodwin v. State, 46 Ala.App. 149, 239 So.2d 221.

However, no objection was interposed to this mode of proof. Indeed, defense counsel conceded that Donahay had been convicted.

Nevertheless, proof of another conviction as a fact is no longer enough. Under Burgett v. Texas, 389 U.S. 109, at 114–115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319, "Presuming waiver of counsel from a silent record is impermissible."

As we pointed out in *Goodwin,* supra, compliance with Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, in the former conviction is now a mandatory ingredient of the corpus delicti of the offense sub judice.

We cannot hold that overruling the defendant's motion to exclude the State's evidence was "harmless beyond a reasonable doubt" within the meaning of Chapman v. Calif., 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705.

For the error pointed out above, the judgment below is reversed and the cause remanded for new trial.

Reversed and remanded.

AFTER REMANDMENT AFFIRMED.