QUESTION: Is there a "work-product" or "working-paper" exemption upon which the state or a county or municipal official or agency may rely in order to prevent inspection of documents pursuant to Florida's Public Records Law?
SUMMARY: The Public Records Law, Ch. 119, F.S., contains no "work-product" or "working-paper" exemption upon which the state or a county or municipal official or agency may rely in order to prevent inspection of documents by a citizen. According to your letter, an official of the University of South Florida has refused to allow a citizen of the state the right to inspect the contents of a file which is in his possession. The file in question contains documents, letters and memoranda relating to proposed amendments to the Constitution of the University of South Florida Student Government which were made or received by the official in his capacity as Vice President for Student Affairs. The official has refused to allow inspection of the file and its contents on the ground that it is exempt from the purview of the Public Records Law, Ch. 119, F.S., by virtue of a "work-product" or "working-paper" exemption. The Florida Public Records Law requires that all state, county, and municipal records shall be open for inspection. This law in its original form enacted in 1909, contained no definition of the term "public record." Until 1967, the interpretation given the Public Records Law by the courts and this office limited the definition of public records to those records which were "required by law to be kept or necessary to be kept in the discharge of a duty imposed by law or directed by law to serve as a memorial or evidence of something written, said, or done." Compare, e.g., AGO 061-102 with AGO 071-243. Such a definition reflects the law as it was at common law, i.e., that only those records which were required by law to be kept were considered to be public records. State courts which have followed this restrictive approach to the public records law have done so when the legislature has left the term public records [for purposes of inspection] undefined, see Sanchez v. Board of Regents of Eastern N. Mex. Univ., 486 P.2d 608, 613 (N.M. 1971); Kottschade v. Lundberg, 160 N.W.2d 35 (Minn. 1968), or has no public records law and, therefore, a common law right to inspect must be asserted by the citizenry. However, the Florida Legislature amended the Public Records Law in 1967 to provide that for purposes of the act, i.e., inspection, public records shall be defined as: all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency. (Emphasis supplied.) By insertion of the phrase "or in connection with the transaction of official business by any agency" the legislature significantly broadened the definition of what constituted a public record beyond the more restrictive definition which had been supplied by the courts in the absence of a controlling statutory definition. See, e.g., Amos v. Gunn, 92 So. 615 (Fla. 1922). The fact that the legislature listed certain specific exemptions and exceptions within the statute argues strongly against a narrow or restrictive interpretation and requires that if public officials withhold documents in their possession and which came into their possession in connection with their duties as public officials, a specific exemption must be found in order for such documents to be exempted from the purview of the Florida Public Records Law. State v. Pace,159 So. 679, 681 (Fla. 1935); Menge v. City of Manchester,311 A.2d 116, 118 (N.H. 1973). Since Ch. 119, supra, contains no statutory exception for "working-papers," "inter-office memoranda," "preliminary data" or the like, and, clearly, such an exception or exceptions could have easily been included by the legislature during the extensive revision of Ch. 119 which occurred in 1967, a strong presumption exists that no such exemption was intended. State v. Pace, supra. See also The Federal Freedom of Information Act, 5 U.S.C. § 552(b)(5) (Supp. III 1965-67) which contains a specific exemption for inter-office memoranda or work-product. Such an exception should not be inferred absent a compelling reason for so doing. Caswell v. Manhattan Fire and Marine Insurance Co., 399 F.2d 417 (5th Cir. 1968); Lee v. Beach Publishing Co., 173 So. 440 (Fla. 1937). In light of the broad right of inspection given specifically by statute, the lack of any specific exemption for inter-office memoranda, work-papers, preliminary data, etc., and the public policy of this state which favors openness and access to government, see, e.g., Town of Palm Beach v. Gradison, Sup.Ct. #44,099, decided May 1, 1974, petition for rehearing pending, I am of the opinion that no such exemption was intended and, accordingly, may not be relied upon to exempt documents from the Public Records Law. To imply such an exemption would serve to frustrate the purposes of Ch. 119 and would unduly restrict the public's fundamental right of access to records prepared or received by its employees in order that the public may know how its business is being conducted. My predecessors in office recognized a work-product exception to the Public Records Law (see AGO 061-102 and AGO 066-88) and, in AGO 071-376 and 072-323, I felt compelled to follow those opinions since they had remained unchallenged by the courts or the legislature. Consequently, I adhered to the work product exception "unless and until this question should be judicially or legislatively clarified." Attorney General Opinion 071-376. In the recent case of State ex rel. Copeland v. Cartwright, 38 Fla. Supp. 6 (17th Cir. 1971), aff'd., 282 So.2d 45 (4 D.C.A. Fla., 1973), the work product exception was raised and rejected by the courts. I am in agreement with the reasoning of that opinion and believe the concern with the nature and purpose of the record and the custodian's interest in keeping it, which so characterized the definition of public records prior to 1967, is no longer of paramount importance in light of the comprehensive definition supplied by the legislature. Presently, the only relevant concern in deciding whether a document is a public record is whether the document in question is in the legal possession of a public official. If no specific exemption exists for the document, then the right of inspection can not be denied to a citizen. To the extent that AGO's 061-102, 066-88, 071-376, and 072-323 are in conflict with this opinion, they are receded from.