TYSON, Judge.
Phillip Hope was indicted for the unlawful possession of Marijuana, contrary to the Alabama Uniform .Controlled Substances Act (Act 1407, Acts of Alabama 1971, Regular Session), which possession was subsequent to a prior conviction of the appellant, also the possession of Marijuana, contrary to said act. The jury found the appellant “guilty as charged in the indictment” and the trial court set sentence at twelve years imprisonment in the penitentiary.
The facts in this cause are not in dispute.
Tom Barnes, investigator for the Shelby Sheriff’s Department, testified that, on June 7, 1979, while on duty in the jail, he conducted a search of the jail, together with other deputies, for any drugs or narcotics. During the course of this search, various inmates were brought into the day room and were patted down and searched. A packet of Red Man chewing tobacco was found inside the shorts of the appellant while he was being patted down. This tobacco packet contained 4.4 grams of Marijuana and thirty-five cigarette papers. A proper chain of custody was laid from Investigator Barnes to Deputy Sheriff Pratt to Mrs. Mary Alice Rhodes, an analysis chemist for the Department of Forensic Sciences. Mrs. Rhodes identified the plant material contained in the Red Man tobacco pouch as Marijuana.
The appellant’s motion to exclude and request for the affirmative charge were overruled. The appellant did not testify at trial.
We find in the record the following objection and ruling on the State’s tender of Exhibit One, which was a trial docket sheet from a prior trial conducted in the Circuit Court of Shelby County wherein the appellant entered a plea of guilty to a prior charge of possession of Marijuana for personal use on March 31, 1978, and for which the appellant received a three-year sentence. This sentence was changed to five years probation upon request of counsel. We find the following entry on Record page 21 — A:
“(WHEREUPON, here followed opening statement by Hon. Patricia M. Smith, on behalf of the State of Alabama; followed by Hon. J. Louie Wilkinson, on behalf of the Defendant, Phillip Hope. There were no objections or exceptions taken to the opening statements of counsel; after which, the case proceeded to trial as follows:)
“THE COURT: For the record, the Court changes its ruling to not exclude Mr. Barnes from the courtroom and he is under the Rule just as any other witness that may testify in this case is under the Rule.
“MS. SMITH: Please mark this as State’s Exhibit One.
“(WHEREUPON, State’s Exhibit One so marked by the Court Reporter.)
“MS. SMITH: Judge, we would move to have State’s Exhibit Number One received into evidence.
“(WHEREUPON, the above mentioned State’s Exhibit Number One, having been marked by the Court Reporter as an exhibit, was objected to by Counsel for the Defendant as follows:)
“MR. WILKINSON: We do object to the exhibit being handed to the witness while he is testifying.
“(WHEREUPON, the above mentioned exhibit, Case Action Summary Sheets, marked by the Court Reporter as ‘State’s Exhibit Number One’ was received into evidence by the Court at this time, but was later excluded from the jury during their deliberations, by Motion of Defendant’s Counsel and, after the Court examined State’s Exhibit Number One, granted said Motion; and
“WHEREUPON, the above mentioned exhibit was filed as an exhibit in the Office of the Circuit Court Clerk of Shelby County, Alabama, on the 19th day of November, 1979, in accordance with the Alabama Rules of Criminal Procedure.)”
*678 I
Appellant’s counsel asserts that reversible error occurred when the trial court admitted State’s Exhibit One before the jury had proof of appellant’s prior conviction of possession of Marijuana, which Exhibit is a xerox copy of the trial docket sheet as the same appears in the office of the circuit clerk of Shelby County, Alabama.
Appellant’s argument is based on a line of cases which holds that the proper procedure for proving a prior conviction is through the introduction of a certified copy of the minute entry, showing the prior conviction. Palmer v. State, 54 Ala.App. 707, 312 So.2d 399 (1975), and authorities therein cited.
In Palmer, supra, this Court cited with approval the following excerpt from Childers v. Holmes, 207 Ala. 382, 92 So. 615 (1922):
“. . . The defendants’ objection raised the question. They objected ‘because it was not the proper manner to prove a conviction.’ The proper manner was not by this witness but'by a certified copy of the record showing it, or by the oral testimony of the person convicted. The court erred in overruling that objection to the question. (Emphasis added, citations omitted.)”
The trial docket sheet is not a record, and a memorandum (the judge’s bench notes entered thereon by the judge) operated only as a directive to the circuit clerk as to what judgments and orders should be entered on the court’s records. Winn et al. v. McCraney et al., 156 Ala. 630, 46 So. 854 (1908); Calvert v. State, 26 Ala.App. 189, 155 So. 389 (1934); and Palmer v. State, supra.
II
The State of Alabama asserts that there was not a proper objection made at trial to the offer of proof concerning the prior conviction so that this matter is not properly before this Court on appeal.
We do not agree with this argument as it overlooks a long line of cases cited in Palmer v. State, supra, which provides that a general objection is sufficient to preserve for appellate review matters which are illegal or irrelevant on their face.
Moreover, since proper proof of the purported prior offense is a vital and material element of the indictment in this cause, such proper proof must be done through a properly certified minute entry of the prior conviction or by an admission of the appellant himself.
Since there was no admission by the appellant or concession by his counsel as to this point, this issue is properly preserved for appellate review.
For the error shown, this cause is reversed and remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.