# Clark *v.* Dunham Lumber Company.

*Action for Damages, on account of False Representations as to Credit or Business of Another.*

1. *False representations as to credit or business of third person; when action lies on account of.*—A false representation as to the character, credit or business of a third person, being within the statute of frauds (Code, § 1734), will not support an action by the person to whom it is made, unless reduced to writing; but, if the representation is as to a matter of fact, and is not only false but fraudulent, and injury thereby results to the person to whom it is made, an action lies in the nature of deceit; and it is fraudulent in law, if known to be false, or recklessly made without a well grounded belief of its truth.

2. *Same.*—A representation made to the plaintiff, a lumber company, by the defendant, who was the president of another company, to the effect that his company had more orders for lumber than it could fill, and desired to buy lumber from plaintiff for the purpose of filling these orders, whereas defendant's company was insolvent, as he well knew, and intended, as he also knew, to send said lumber to foreign brokers for sale on its own account, is a representation as to the character, conduct, ability, trade or dealings of another person, with the meaning of the statute; but, being false, and knowingly or recklessly made, and plaintiff being damaged by the sale of lumber to the insolvent company, which was sold on its own account as stated, an action lies in his favor, if the representation induced him to make the sale on credit.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN P. HUBBARD.

This action was brought by the Dunham Lumber Company, a private corporation, against H. W. Clark, and was commenced on the 6th April, 1886. The complaint contained a count in trover for the alleged conversion by the defendant, on or about September 20th, 1885, of "three car loads of sawn lumber;" and two special counts in case, each claiming

[Clark v. Dunham Lumber Comprny.]

$433.71 as damages on account of defendant's alleged false representations, whereby plaintiff was induced to sell, and did sell, on credit, to the Wetumpka Lumber Company, a private corporation, of which the defendant was president, a large quantity of lumber, which had never been paid for, and which was wholly lost to plaintiff, said Wetumpka Lumber Company being insolvent. The alleged representation was, that the Wetumpka Lumber Company had more orders for lumber, procured by its travelling salesmen, than it could fill, and therefore desired to procure lumber from plaintiff and others, for the purpose of filling these orders. Each of the special counts alleged, that these representations were false; that the lumber was intended to be transported to lumber brokers in Chicago and other places, and there sold on account of said Wetumpka Lumber Company, which intention was known to defendant; that said representations were made by defendant to induce plaintiff to sell lumber to said Wetumpka Lumber Company; that negotiations were then pending between plaintiff and defendant for the sale of lumber to said company, and, relying on said representations, plaintiff was induced to sell said lumber to said company on credit; that said Wetumpka Lumber Company was in fact insolvent at the time, which fact was known to defendant, but unknown to plaintiff; that the lumber was transported and sold by said insolvent company on its own account, and was wholly lost to plaintiff.

The defendant demurred to each of the special counts, assigning the following as grounds of demurrer: 1st, that neither count shows any cause of action against defendant; 2d, that neither shows any damage resulting to plaintiff from the alleged false representation as to the purpose for which the lumber was purchased; 3d, that it does not appear from either count that the failure of the Wetumpka company to pay for the lumber resulted from the alleged false representation, nor that such representation was the immediate cause of such failure to pay; 4th, that it does not appear that any damage resulted to plaintiff from said alleged false representation; 5th, that it is not shown that the alleged damage to plaintiff "was either the immediate or the proximate result of said alleged false representation;" 6th, that it is not shown in what manner plaintiff was or could be damaged by the difference between the real purpose for which the Wetumpka company wanted the lumber, and the purpose for which it was represented to want it; 7th, that

[Clark v. Dunham Lumber Company ]

the alleged representation was as to a matter of intention, and not of a matter of fact; 8th, that said misrepresentation is not shown to be material; 9th, that the alleged false representation "was not of such a fact. as would amount to an inducement in law to plaintiff's entering into the contract of sale set out in said counts;" 10th, that it does not appear, in either of said counts, that said alleged misrepresentation was one which, in law, necessarily induced and influenced said sale of lumber; 11th, "that it is not alleged defendant knew that any alleged fact which he represented to be true, was at the time untrue;" 12th, "that said alleged misrepresentation does not constitute a fraud in law." The court overruled the demurrer, and the defendant then pleaded (1) the general issue, (2) the statute of frauds, and (3) the statute of limitations of one year; on which several pleas issue was joined.

On the trial, the defendant requested the following charges in writing, duly excepting to the refusal of each: (1.) "If the jury believe from the evidence that Clark believed what was stated was true, then, though the statement was false in fact, plaintiff can not recover." (2.) "Though the jury may believe that the Wetumpka Lumber Company was in fact insolvent, yet, if they believe that Clark, when he made the statements, believed them to be true, then the plaintiff can not recover." (3.) "If the jury believe from the evidence that the statements made by Clark were true, or that Clark believed them to be true, then the plaintiff can not recover." (4.) "Though the jury may believe that the Wetumpka Lumber Company was insolvent, yet, unless they are satisfied that it was in fact insolvent, and that Clark knew it was insolvent, and misrepresented its condition to plaintiff, then plaintiff can not recover."

TOMPKINS, LONDON & TROY, for appellant, cited *Einstein v. Marshall*, 58 Ala. 153; *Baker v. Trotter*, 73 Ala. 277; *Lord v. Goddard*, 13 How. 198; *Broadnax v. Bradford*, 50 Ala. 270; *Davis v. Betz*, 66 Ala. 206; *Crown v. Carriger*, 66 Ala. 590; *Juzan v. Toulmin*, 9 Ala. 684; *Munroe v. Pritchett*, 16 Ala. 785; *Sledge v. Scott*, 56 Ala. 202; *Perry v. Johnson*, 59 Ala. 648.

ROQUEMORE, WHITE & LONG, *contra*, cited Kerr on Fraud and Mistake, 324, 326; *Bank of Scotland v. Addie*, Scotch

[Clark v. Dunham Lumber Company.]

& Divorce Appeals, vol. 1, p. 146; 16 Ala. 785; 29 Ala. 346; 78 Ala. 331; 58 Ala. 153.

SOMERVILLE, J.—The action is one based on an alleged false representation made by defendant as to the credit and business of the Wetumpka Lumber Company, a corporation of which the defendant was president, by which representation credit was given to said company by the plaintiff, resulting in the loss of certain goods sold.

The substance of the alleged representation is, that the plaintiff had already negotiated for the sale of such large quantities of lumber that it was unable to fill these sales, thus contracted to be filled, without obtaining lumber from other mills; and that the lumber proposed to be purchased from plaintiff would be appropriated to filling these sales. It is alleged that this representation was false; that the defendant in fact consigned the lumber thus purchased to lumber-brokers, to be sold on its account, in pursuance of a previous intention to do so, which intention was known to defendant. The insolvency of the defendant corporation is also alleged.

This representation is one relating to the conduct, ability, trade or dealings of the Wetumpka Lumber Company, within the meaning of section 1734 of the Code, which is a part of our statute of frauds, and provides as follows: "No action can be maintained to charge any person by reason of any representation or assurance made concerning the character, conduct, ability, trade or dealings of any *other person*, when such action is brought by the person to whom such representation or assurance was made, unless the same be in writing, signed by the party sought to be charged." Code, 1889, § 1734; Code, 1876, § 2123. The representation is made by the defendant, not as to his own credit, but concerning the credit of a corporation, or third person, for whose obligations he is in no manner responsible, apart from such representation. The incidental interest which the defendant has in the matter, as president of the defendant corporation, does not alone take the case out of the operation of the statute of frauds.

A well recognized and solid distinction exists between *contractual guaranties*, and *fraudulent representations*, as to the credit of another person. "Every *promise* to answer for the debt, default or miscarriage of another," is void, under the statute of frauds, unless reduced to writing, and the consid-

eration is therein expressed.—Code, 1886, § 1732. The established doctrine of the English courts, however, has always been, since the case of *Pasley v. Freeman*, decided by the King's Bench in 1789, 3 T. R. 51, that an action would lie for a false and fraudulent representation, knowingly made, as to the solvency or credit of a third person, acted on by the plaintiff to his damage. That case settled the doctrine, based on broad principles of honesty and commercial morality, that a false affirmation, made by the defendant with intent to defraud the plaintiff, to his damage, is the ground of an action on the case in the nature of deceit. 2 Smith's Lead. Cases (8th Ed.), Part 1, *66, and *note*, p. 88, and p. 96. This rule was followed by Chancellor Kent in *Upton v. Vail*, 6 John. 181; s. c., 5 Amer. Dec. 210, decided in 1810, and has generally prevailed in this country. The effect of the statute of frauds was, by these decisions, confined to cases of *contract*, and the statute was held not to include causes of action based on *fraud;* for, as has been well observed, "it would be a manifest perversion of the statute of frauds, to make it a shield for a deliberate wrong done."—2 Smith's Lead. Cases, Pt. 1, *note*, 104.

Section 1374 of our Code, which constituted section 1553 of Code of 1852, is substantially in the same language as Lord Tenterden's Act (9 Geo. IV, c. 14, § 6.) Its object seems to have been to put ordinary misrepresentations in mercantile transactions upon the same footing with guaranties; and it has accordingly been construed to embrace every incorrect or untrue misrepresentation unaccompanied by a fraudulent intent, and no other.—3 Reed Stat. Frauds, § 1113. In other words, no representation made by a defendant, as to the character, conduct, ability, trade or dealings of a third person, even though false, can be made the basis of an action, unless reduced to writing and signed by the party sought to be charged; or unless it is fraudulently made. In the latter case, such right of action exists, outside of, and independently of the statute of frauds, the restriction of the statute having no reference to such cases.

And a representation as to a third person's credit, within this rule, to be fraudulent, must be as to some alleged fact, which the party making knows to be false, or of the truth of which he has no knowledge or well grounded belief. In the latter case, the assertion is reckless, and implies bad faith. If, at the time of making it, however, he believes it to be true, it is not fraudulent, and can not be made the basis of

[Clark v. Dunham Lumber Company.]

an action against him in the nature of deceit.—*Baker v. Trotter*, 73 Ala. 277; *Einstein v. Marshall*, 58 Ala. 153; *Upton v. Vail*, 5 Amer. Dec. 210; *note*, 213; *Young v. Covell*, *Ib.* 316; 2 Smith's Lead. Cases (8th Ed.), *notes*, pp. 88, 104.

The rule is announced in *Munroe v. Pritchett*, 16 Ala. 785; *Jordan v. Pickett*, 78 Ala. 331, and other cases, that an action of deceit will sometimes lie for a misrepresentation made by a defendant as to a material fact, although he did not know it to be false. In *Ball v. Farley*, 81 Ala. 288, 292, that class of cases is distinguished from the present one. They involve representations made *inter partes*, between vendor and vendee, or other parties contracting, either personally, or by agents, concerning their own affairs, or some other matter than the character, credit, conduct, ability, trade or dealings of a *third person*, for whose debts, defaults and miscarriages they are not ordinarily liable, unless made so by their own fraud accompanied by damage.

The representations made by the defendant, Clark, involved by implication the credit of the Wetumpka Lumber Company. It was an implied assertion of an extensive business, large sales, and correspondingly great commercial prosperity in business. Its falsity, accompanied by the purchase and sale of the plaintiff's goods to meet its own want of cash, especially by an insolvent company, if established, would tend to prove the reverse. Such, at least, might reasonably be inferred by the jury to have been implied by the representation in question. The tendency of the representation, if believed, would, moreover, be to procure credit for the company, which might not otherwise have been extended. It was material, if interpreted as above suggested, and may have proximately contributed to the loss sustained by the plaintiff by inducing the desired credit.

It follows from these principles, that the eleventh and twelfth grounds of demurrer to the counts of the complaint should have been sustained, and were improperly overruled. There was no error in overruling the other grounds of demurrer.

The first five charges requested by the defendant were, for like reasons, erroneously refused.

We discover no other errors in the rulings of the Circuit Court.

Reversed and remanded.