MYRON W. CLARK ET AL. v. L. C. HURD.

*Statute of frauds—Verbal representation as to persons composing partnership.*

A representation that a certain person is a member of a specified firm, by means of which the party to whom the assurance was made was induced to sell the firm goods, which were not paid for, does not fall within How. Stat. § 6188, requiring favorable representations or assurances concerning the character, credit, ability, trade, or dealing of any other person to be in writing in order to be actionable. *Hess v. Culver*, 77 Mich. 598.

Error to Jackson. (Peck, J.) Argued October 31, 1889. Decided December 28, 1889.

Case. Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Thomas A. Wilson*, for appellants.

*Gibson & Parkinson* and *T. E. Barkworth*, for defendant.

SHERWOOD, C. J.   This action is brought to recover damages against defendant for falsely representing to the plaintiffs that Mary A. Smith was a partner in a firm doing business in the city of Jackson, under the firm name of Smith & Emmons, by means whereof the plaintiffs were induced to sell Smith & Emmons goods on credit to a large amount, which were not paid for.

The declaration contains three counts:   The first charges the defendant with making the representations with intent to deceive and defraud the plaintiffs; the second, with carelessly and recklessly making representations, pretending to have full knowledge on the subject, with intent to induce said plaintiffs to sell goods on credit; and the third charges him with stating positively that she was a partner,—he believing it at the time, but having no reason for such belief,—with intent to induce plaintiffs to sell goods to such pretended firm.

The plea was the general issue. ·  Trial was had in the Jackson circuit, and the circuit judge directed the verdict for the defendant.

There is no pretense that defendant was a member of, or had any connection with, the firm of Smith & Emmons. The plaintiffs on the trial attempted to show by oral testimony that, some time in the year 1887, plaintiffs, having become distrustful of the representations of Emmons, the partner in charge of the business, and desiring more accurate or reliable information as to who comprised the firm of Smith & Emmons, applied to the defendant, who is a brother of said Mary A. Smith, informing him at the time of the object of the inquiry, and that they should not sell more goods to said firm on credit unless said Mary A. Smith was a partner; that she was financially responsible, to the knowledge of the plaintiffs; that thereupon the defendant represented to the plaintiffs that said Mary A. Smith was a partner in

said firm of Smith & Emmons; that, relying upon such representation, plaintiffs sold said Smith & Emmons goods amounting to $670, which had not been paid for; that said Mary A. Smith was not then a partner of said Smith & Emmons, and, at the time the defendant made said representation, he knew that she was not; that Emmons was irresponsible, and that the defendant was in the habit of taking more or less money from the business conducted under the name of Smith & Emmons; and that at the final winding up thereof he procured a considerable portion of the assets, either for himself or a certain estate he represented.

When the plaintiffs attempted to make proof of these facts they were objected to because the representations were not in writing; and the only question in the case is, were the proofs offered within our statute of frauds? We think this case falls clearly within the ruling of the case of *Hess v. Culver*, 77 Mich. 598 (43 N. W. Rep. 994), wherein we held that representations like those of the defendant, stated in the plaintiffs' declaration, do not fall within the statute of frauds relied upon by the defendant's counsel.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.