### SCOTT *v.* BRUSSE.

SALES—RESCISSION—MISREPRESENTATION.

> A purchaser of shares of stock cannot rescind because of misrepresentations by the seller as to its value on which he did not rely, having relied upon his own judgment and upon information received from other stockholders and officers of the corporation, nor because of false representations in an annual report of the corporation, sworn to by the seller, but not brought to the purchaser's attention before he made the purchase.

Appeal from Ottawa; Padgham, J. Submitted February 20, 1907. (Docket No. 113.) Decided June 3, 1907.

Bill by Benjamin L. Scott against William Brusse and Cornelia Brusse to set aside certain deeds. From a decree dismissing the bill, complainant appeals. Affirmed.

*Wilkes & Stone,* for complainant.

*Diekema & Kollen,* for defendants.

CARPENTER, J. ·In October, 1903, complainant transferred to defendants land in exchange for shares of stock in the Walsh-De Roo Milling & Cereal Company, a corporation doing business at Holland, Ottawa county. He brings this suit to secure a reconveyance of said land, upon the ground that fraud practiced by the first-named defendant induced him to make said transfer. An issue was framed. The case was heard, testimony being taken in open court, and a decree entered dismissing complainant's bill. That decree complainant asks us to reverse.

The testimony proves that complainant was deceived as to the value of the stock, for it was worth much less than the land exchanged for it. Did fraud for which defendants were responsible cause that deception? The charges of fraud made in complainant's bill of complaint are two in number:

(1) Certain false representations respecting the value of the stock made by said defendant William Brusse immediately before the exchange was made.

(2) Certain false representations respecting the assets and debts of the corporation made in its annual report filed in September, 1903, which report was sworn to by defendant William as secretary of said corporation."

We will consider each of these charges of fraud separately.

1. As to the alleged false representations respecting the value of the stock a careful study of the conflicting evidence convinces us that the only false representation respecting the value of the stock made by defendant William was this, viz.: He predicted that the stock would prove a profitable investment. We think that complainant was not entitled to relief on account of this statement, because in making the exchange he did not rely upon it. He at that time owned stock in the company, and had already formed a judgment as to its value. In making the

exchange in question he relied upon said judgment and upon the result of the information obtained by him from other stockholders and officers of the corporation.

2. Respecting the false representations in the annual report, it is quite clear that this report, which was sworn to by defendant William as secretary of the corporation, did contain material false representations. It is proper to say, however, that said defendant William acted in good faith in making this report. It contained false statements, because he was deceived by false entries on the books of said corporation made before he became its secretary. Complainant is not entitled to relief on account of the false statements in said report, because they were not brought to his attention before he made the purchase and they contributed in no way to deceive him.

We conclude, therefore, that the trial judge properly disposed of the case, and that the decree should be affirmed.

McALVAY, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.