PEARSON *v.* WALLACE.

1. REPLEVIN—SALES—FRAUD—REMEDY OF SELLER.
   Replevin is the proper remedy of the seller to recover goods
   obtained by the buyer by fraud or misrepresentation.

2. FRAUDS, STATUTE OF—ORAL TESTIMONY — FRAUD —.EVIDENCE —
   PRINCIPAL AND AGENT—QUESTION FOR JURY.
   Oral testimony to prove fraud being inadmissible under the
   statute of frauds (3 Comp. Laws 1915, § 11983), if de-
   fendant was acting as agent for another, as claimed by
   him, but which was disputed by plaintiff, the court below
   properly instructed the jury that if defendant was acting
   for another no recovery could be had upon his statements.

Error to Livingston; Miner, J. Submitted October
11, 1918. (Docket No. 36.) Decided April 3, 1919.

Replevin by George J. Pearson against Henry M.
Wallace and another for the possession of certain live-
stock. Judgment for plaintiff. Defendant Wallace
brings error. Affirmed.

*James H. Pound,* for appellant.

*Louis E. Howlett* and *W. P. VanWinkle,* for appel-
lee.

BIRD, C. J. Plaintiff brought replevin to recover
the possession of certain farm livestock which he had
theretofore parted with in exchange for two Iron
Mountain Light & Fuel Company bonds of $500 each.
It was his claim that he had been defrauded in the
transaction and, therefore, the title to the livestock
never passed to the defendant. Plaintiff waived re-
turn of the property and the jury fixed the value
thereof at $955.98. Judgment was rendered against
defendant Wallace for that amount. A judgment of
"not guilty" was directed by the trial court in behalf

of the defendant, Lake View Farms Company. Defendant Wallace brings error.

1. The first point made by defendant's counsel is that replevin will not lie to recover personal property under the circumstances of this case. It is plaintiff's contention that the defendant Wallace made false and fraudulent representations to him concerning the value of the bonds which he took in exchange for the livestock; that when he discovered the fraud he tendered the bonds to defendant and demanded the livestock, and that upon defendant's refusal to comply therewith he brought this suit in replevin. Under these claims we think plaintiff made no mistake in the remedy which he chose. The general rule in this State, as well as elsewhere, is that fraud or misrepresentation on the part of the buyer will entitle the seller to reclaim the goods from the buyer, and replevin has been recognized as the proper remedy in this State to recover them. 35 Cyc. p. 508; *Ross* v. *Miller*, 67 Mich. 410; *Pangborn* v. *Ruemenapp*, 74 Mich. 572; *Koch* v. *Lyon*, 82 Mich. 513; *Reeder* v. *Moore*, 95 Mich. 594.

2. It is contended that as the representations were made by Wallace in behalf of another, oral testimony was not admissible by reason of the statute of frauds. 3 Comp. Laws 1915, § 11983. This section provides that:

"No action shall be brought to charge any person, upon or by reason of any favorable representation or assurance, made concerning the character, conduct,. credit, ability, trade or dealings of any other person, unless such representation or assurance be made in writing, and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized."

While it is true that defendant testified he was acting for a man in Lansing, it was plaintiff's claim that

defendant was acting for himself and making representations as to the value of his own property. The trial court took the view that the application of the statute depended upon a question of fact and, therefore, left this fact to the jury to find, with the instruction that if they found that defendant Wallace was acting for another, no recovery could be had upon his statements. If the statute has any application at all to the facts of this case, this charge was as favorable to defendant Wallace as he had a right to demand.

3. The representations concerning the bonds and their value, which plaintiff claims induced him to exchange his livestock for bonds, were the same, in substance, as those made to induce him to exchange his farm for similar bonds a year previous. Litigation between these parties followed the farm trade and found its way to this court and is reported in 203 Mich. 622. Both cases were argued at the same term in this court. Many of the material questions raised on this record are the same as those raised and decided in that case and, therefore, need not be again considered.

In addition to the questions which are common to both records there are some assignments of error aside from those we have considered, which we have examined, but find nothing therein which merits a reversal of the case.

The judgment of the trial court should be, and is hereby, affirmed.

OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.