TOOLEY *v.* HAYES.

1. FRAUD—REPRESENTATIONS—EXPRESSIONS OF OPINION—QUESTION FOR JURY.

In an action for fraud and deceit in the sale of a note to plaintiff by defendants, *held*, that the trial court properly refused to direct a verdict for defendants on the ground that their representations were but expressions of opinion.

2. FRAUDS, STATUTE OF—FRAUD.

If representations that a note was good were made by defendants to plaintiff for the purpose of defrauding him, and he relied upon them to his injury and suffered loss thereby, defendants may not invoke the statute of frauds to escape liability.

3. APPEAL AND ERROR—HEARSAY—TRIAL—CURING ERROR.

Hearsay testimony inadvertently given by a witness, *held*, not so prejudicial as to require a new trial, where such testimony was stricken out and the jury instructed to decide the case on the evidence.

Error to Oakland; Covert (Frank L.), J. Submitted June 7, 1923. (Docket No. 69.) Decided July 19, 1923.

Case by Earl O. Tooley against Edward Hayes and another for fraud and deceit. Judgment for plaintiff. Defendants bring error. Affirmed.

*Doty & Cram,* for appellants.

*Keeling & Bogue,* for appellee.

FELLOWS, J. Plaintiff recovered a judgment in the court below for $263.54 in this action which was brought for fraud and deceit in the transfer to him by defendants of a note given by one Gordon. The

On expression of opinion as fraud as question for jury, see note in 35 L. R. A. 441.

testimony was in conflict. The trial court submitted the case to the jury under the rule announced in *Candler* v. *Heigho*, 208 Mich. 115, the case most strongly relied upon by defendants. It is here insisted that the court should have directed a verdict for the defendants because the representations were but the expressions of an opinion and not actionable. Upon this record the court would not have been justified in directing a verdict for the defendants upon this ground. If the testimony of the plaintiff was to be believed, and the jury evidently did believe it, defendants represented that the note was perfectly good, that the maker, Gordon, owned a farm, had 15 head of good cattle and had $5,000 in the bank. These representations were material, were representations of facts as distinguished from expressions of opinion. After plaintiff acquired the note he wrote two letters to Gordon which were not answered, and then went out to the place where Gordon was supposed to live but was not able to find any man there by that name, or that any such man owned a farm in that vicinity, or to find the cattle, and was unable to collect anything on the note. There was testimony that plaintiff was deceived and that he suffered damages as a result of such deceit. Under the repeated decisions of this court a case was made for the jury.

If these representations were made for the purpose of defrauding plaintiff, and he relied upon them to his injury and suffered loss thereby, defendants can not invoke the statute of frauds to escape liability. *Beebe* v. *Knapp*, 28 Mich. 53; *McDonald* v. *Smith*, 139 Mich. 211.

A witness on direct-examination testified as of his own knowledge to certain facts. Upon cross-examination it developed that portions of his testimony were hearsay and they were stricken out. On a motion for a new trial it was insisted that defend-

ants were so prejudiced by this incident as to entitle them to a new trial.    We can not agree with this contention.    Many lay witnesses do not differentiate between facts within their own knowledge and what has been told them, and hearsay evidence is quite liable to creep into every lawsuit.    The trial judge properly struck out the evidence and properly instructed the jury to decide the case upon the evidence in the case.    If defendants had desired further specific instruction on this incident they should have preferred an appropriate request.

All of the assignments of error have been considered.    Such as are not discussed have been found to be without merit.

The judgment will be affirmed.

WIEST, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.