FREDERICK v. HILL.

1. FRAUDS, STATUTE OF—CORPORATIONS—MISREPRESENTATION AS TO CREDIT OF ANOTHER NOT ACTIONABLE UNLESS IN WRITING.

Under 3 Comp. Laws 1915, § 11983, the president and treasurer of a corporation are not personally liable for alleged false and fraudulent representations not made in writing in the sale of capital stock of the corporation, in the absence of evidence that they profited thereby except as it increased the capital stock of the corporation.

2. FRAUD — CORPORATIONS — MISREPRESENTATIONS IN ARTICLES OF ASSOCIATION NOT RELIED UPON NOT ACTIONABLE.

A purchaser of corporate stock may not recover for alleged misrepresentations in the articles of association, in the absence of any claim that he acted in reliance on any statement made therein.

Error to Wayne; Dingeman (Harry J.), J.   Sub-

mitted January 9, 1924.     (Docket No. 15.)     Decided April 10, 1924.

Case by William L. Frederick against Gordon W. Hill, Albert W. Ryerson, and the Universal Book Stores Company for fraud in the sale of stock in defendant corporation.   Judgment for defendants Hill and Ryerson on a directed verdict.   Plaintiff brings error. Affirmed.

*James H. Pound,* for appellant.

*Le Roy C. Lyon,* for defendant Hill.

*Edward G. Wasey,* for defendant Ryerson.

SHARPE, J.    On December 1, 1918, plaintiff purchased 100 shares of stock in the defendant Universal Book Stores Company, paying therefor its par value, $1,000.    In this action, begun on March 16, 1920, he seeks to recover the amount so paid from the company and the defendants Hill and Ryerson (president and treasurer of the company) personally, under a claim that he was induced to make such purchase by the false and fraudulent representations of the individual defendants as to the financial condition of the company.    The trial court directed a verdict in favor of Hill and Ryerson.    Plaintiff reviews the judgment entered thereon by writ of error.

It is conceded that the representations claimed to have been made were not in writing.    The action of the court was based on the following statute (3 Comp. Laws 1915, § 11983):

"No action shall be brought to charge any person, upon or by reason of any favorable representation or assurance, made concerning the character, conduct, credit, ability, trade or dealings of any other person, unless such representation or assurance be made in writing, and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized."

Plaintiff's purchase was of corporation stock. There is nothing to indicate that the individual defendants profited thereby except as it increased the capital stock of the corporation. Assuming that the representations were made as claimed, we think the statute above quoted precludes recovery. The facts are so similar to those presented in *Getchell* v. *Dusenbury*, 145 Mich. 197, that it is controlled thereby. It was there said:

> "The defendant directors were not acting in their own behalf. They were not selling their own stock. They made no profit by the transaction. They were not floating a spurious corporation. They were in good faith carrying out the direction of the stockholders of a *bona fide* corporation. They could not be held guilty of fraud upon the charge that they profited by the transaction, because they did not. The defendants were representing the good faith and credit of another and not themselves, and therefore are within the statute. *Bush* v. *Sprague*, 51 Mich. 41; *Hubbard* v. *Long*, 105 Mich. 442, 449; *Hess* v. *Culver*, 77 Mich. 602 (6 L. R. A. 498, 18 Am. St. Rep. 421)."

In that case the defendant Bahlke was held liable for the reason that he received a commission on the stock sold. See, also, *Diel* v. *Kellogg*, 163 Mich. 162; *Ver Wys* v. *Vander Mey*, 206 Mich. 499; *Jackson* v. *West*, 224 Mich. 578, 584. It is urged that the statute was not so applied in *McDonald* v. *Smith*, 139 Mich. 211. In that case, it appeared that the corporation was formed for fraudulent purposes. It was said:

> "Said money and property did not go to the corporation—whose organization was merely a step in the scheme of fraud—but went directly to defendants or to their confederates."

For that reason it was held that the statute had no application. Neither does it apply in cases where the representations were made by the owner of the property concerning which they were made. *Hess*

v. *Culver, supra; Massey* v. *Luce,* 158 Mich. 128; *Burleson* v. *Blair,* 207 Mich. 222 (9 A. L. R. 531). The effect of such a statute is discussed in 14A C. J. p. 184, and many cases are there cited.

The plaintiff offered in evidence the articles of association of the defendant company.     A copy does not appear in the printed record, nor do we find it in the return to the writ of error.     No claim is made that plaintiff purchased in reliance on any statement made therein.     To recover in such a case as this, he must show that he acted in reliance on the representations made.     *Scott* v. *Brusse,* 148 Mich. 529; *Candler* v. *Heigho,* 208 Mich. 115, and authorities cited in the latter.     In the recent case of *Schiessler* v. *Pierce,* 225 Mich. 91, this statute was not relied on as a defense in the pleadings or in the brief filed in this court, and its effect on the facts presented was not considered.

The judgment is affirmed, with costs to appellees.

CLARK, C. J., and McDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.