### TONER *v.* THOMAS.

FRAUD—EVIDENCE—SUFFICIENCY.

> In an action for fraud in the sale of apples, plaintiff's claim, supported by evidence, that defendant represented that he would resell the apples to a named buyer, that said buyer was responsible and would pay defendant, and that he would then pay plaintiff, although defendant knew at the time he made said representations that said named buyer was insolvent, *held*, to present a question for the jury.[1]

Error to Oceana; Vanderwerp (John), J. Submitted October 10, 1924. (Docket No. 63.) Decided May 14, 1925.

*Capias ad respondendum* proceedings by John Toner against George H. Thomas. Judgment for plaintiff. Defendant brings error. Affirmed.

*A. S. Hinds,* for appellant.

*F. E. Wetmore* and *E. C. Pugsley,* for appellee.

MOORE, J. This suit was commenced by *capias ad respondendum.* In the fall of 1920, Charles Meredith sold apples valued at $159.87, which were not paid for, and he assigned his claim to the plaintiff who had also sold apples valued at $333.04. This litigation resulted in a verdict and judgment in favor of the plaintiff in the sum of $561. The case is brought into this court by writ of error. The defendant pleaded the general issue and gave notice that

"defendant will insist in his defense that he did not, either orally or in writing, make any representations concerning the solvency and financial responsibility

---

[1]Fraud, 27 C. J. § 208.

On construction of statute requiring representations as to credit, etc., of another to be in writing, see note in 9 A. L. R. 536.

On applicability of statute requiring that representations as to another's credit must be in writing in order to sustain an action, see note in 13 L. R. A. (N. S.) 212.

of E. J. Countryman, as plaintiff has in his declaration alleged, and defendant expressly pleads and claims the benefit of section 11983, 3 Comp. Laws 1915."

The defendant groups his assignments of error under three heads, but the pivotal question is whether he was entitled to a directed verdict.

We quote from the brief:

"Mr. Toner was relying on Mr. Thomas alone. This testimony indicates that Mr. Toner did not consider that he had any action for fraud against Mr. Thomas. And he could not have an action in assumpsit against him because all he claims that Thomas said, would amount to no more than a verbal guaranty, void under the statute of frauds.      *      *      *

"It is earnestly urged upon this court that since this plaintiff and his assignor did not rely on the collectibility of Mr. Countryman, the representations of Mr. Thomas in that regard, even if made, become of no moment, and that the court should therefore have directed a verdict for the defendant, as requested.      *      *      *

"As previously stated, it was the claim of the plaintiff upon the trial that the proofs showed that Mr. Thomas, personally, was buying these apples, and not as the agent of Mr. Countryman. If it be granted, for the sake of this argument, that such expressions as were made use of by the plaintiff and his assignor that 'Mr. Thomas told me he would pay me,' and the like, may be considered as evidence that Mr. Thomas had bought the apples personally, then there exists a fatal variance between the declaration and supporting affidavits, and the proof, because of the fact that the declaration and affidavits do not allege the falsity of Mr. Thomas' representation that he was acting as agent for Mr. Countryman.      *      *      *

"The notice attached to defendant's plea claimed the benefit of section 11983, 3 Comp. Laws 1915, which requires a favorable representation concerning another to be in writing in order to be actionable. The declaration and supporting affidavits charge that Mr. Thomas represented that E. J. Countryman was financially good and responsible, and was able, ready and willing to pay for the apples. Nobody testified,

however, that he did this in writing, the testimony of all the witnesses being that whatever was said by Mr. Thomas was by word of mouth only. Why, then, does not this statute apply?" (citing *Pearson* v. *Wallace,* 204 Mich. 643; *Ver Wys* v. *Vander Mey,* 206 Mich. 499; *Burleson* v. *Blair,* 207 Mich. 226 [9 A. L. R. 531]; *Frederick* v. *Hill,* 226 Mich. 515; *Patten* v. *Downer,* 227 Mich. 95, and other cases).

We quote from the brief of the plaintiff:

"It was the theory of the plaintiff that the defendant represented to Mr. Toner that he was buying apples, that he was in fact buying them for Mr. Countryman who was good and responsible, that the apples would be shipped to Mr. Countryman who would send back a check for them and then he, Thomas, would pay Mr. Toner. * * *

"We claim that Mr. Thomas, trading upon his acquaintance and upon the fact that he had purchased from his neighbors before that time and received credit and had later paid, fraudulently intended just prior to leaving the State, to 'make a clean up' on his neighbors, and to that end told them that he was buying apples and would ship them to E. J. Countryman who would immediately send back a check and that then he, Thomas, would pay for the apples. He at that time *knew* that Countryman was insolvent; he *knew* it on the 6th day of November before he shipped any apples, before he shipped the last of Mr. Toner's apples, on the 22d day of November, he *knew* that Mr. Countryman was in bankruptcy, still he insisted to Mr. Toner 'that there was nothing to it.' That it was a frame-up by an uncle of Mr. Countryman's. This was false and fraudulent. It was a false representation made with a then present intent to defraud both Mr. Toner and Mr. Meredith and get their property without paying for it."

The trial judge charged the jury at very considerable length. We quote part of his charge:

"The plaintiff cannot recover unless he has established by a preponderance of the evidence that there were apples furnished and sold by him and Meredith or one of them to the defendant and that the sale or

sales of apples was or were made to the defendant by reason of representations made by defendant, which representations were false in fact and plaintiff and Meredith relied thereon.    *    *    *

"If the plaintiff has not established by a preponderance of the evidence that the sales of apples were made by plaintiff and Meredith to the defendant, Thomas, then the plaintiff cannot recover, because if the contracts of sale of the apples were made by them to Countryman, through the defendant, Thomas, as Countryman's agent, and not to Thomas, himself, but to be by Thomas resold to Countryman, then the claim of the plaintiff and Meredith is against Countryman or his estate, and not against the defendant in this case.    *    *    *

"Fraud is the gist of this action.    Fraud is never presumed, but must be proved, and the burden, as I have said, is on the party alleging fraud to prove such allegations by a preponderance of the evidence.    Fraud cannot be lightly inferred, but must be proven as alleged.    If the defendant is guilty of fraud, it means that he fraudulently deceived the plaintiff, or Meredith, or both, as I have already instructed you.

"If you find that the apples were sold by the plaintiff and Meredith to the defendant, Thomas, and not to Countryman, and you find that the defendant was guilty of fraud as I have already defined it to you, then the plaintiff will be entitled to recover, if all the elements are proven regarding sale of Meredith's apples, then for the purchase price thereof, whatever you find it to have been, and if all the elements are proven regarding both sales, then for the purchase price of both sales, and add to the amount that you find to be due for such sale or sales, interest thereon at 5 per cent. per annum from November, 1920, in other words for two years and nine months.    If any of these elements regarding the Toner apples are not proven, there can be no recovery for them, and if any of these elements regarding the Meredith apples are not proven, there can be no recovery for them."

The claim of the defendant that the apples were sold to the defendant as the agent of Mr. Countryman, and that the credit was in fact extended to Mr. Countryman is largely based upon the testimony of

the defendant and his witnesses, isolated questions and answers of Mr. Toner and Mr. Meredith, and the construction put by counsel upon the language used in the affidavit attached to the writ of *capias*.

It is the claim of counsel for plaintiff that it has been their consistent claim that the credit was extended to Mr. Thomas, and that this was brought about by false statements made as to the ability and willingness of Mr. Countryman to pay for the apples. The testimony was very conflicting. If the jury believed the version of the transaction given by Mr. Toner and Mr. Meredith, they were justified in returning a verdict in favor of the plaintiff under the following authorities: *Beebe* v. *Knapp*, 28 Mich. 53; *Hess* v. *Culver*, 77 Mich. 598 (6 L. R. A. 498, 18 Am. St. Rep. 421); *Clark* v. *Hurd*, 79 Mich. 130; *Angell* v. *Lewis*, 97 Mich. 9; *Massey* v. *Luce*, 158 Mich. 128; *Burleson* v. *Blair*, 207 Mich. 222 (9 A. L. R. 531); *Tooley* v. *Hayes*, 224 Mich. 25, and other authorities found in the briefs. The issues involved were submitted to the jury in a charge fully as favorable to the defendant as he was entitled to.

We have examined the other errors assigned and think them not well taken.

The judgment is affirmed, with costs to the appellee.

McDONALD, C. J., and BIRD, SHARPE, STEERE, and FELLOWS, JJ., concurred. CLARK and WIEST, JJ., concurred in the result.