WOLFRAM v. SHIFFLET, CUMBER & CO.

1. CORPORATIONS—FRAUD—RESCISSION—AGENT NOT LIABLE ON THEORY OF RESCISSION WHERE NOT A PARTY TO CONTRACT.

Where a contract for the purchase of corporate stock was between the buyer and the corporation, an action for fraud may not be maintained against the agent who made the sale on the theory of rescission, since there was no contract to rescind to which the agent was a party, and if the agent may be re quired to respond in damages it must be on some other theory.

2. CONTRACTS—RESCISSION—TENDER IS NECESSARY PREREQUISITE TO
ACTION AT LAW.-
    Where one seeks to rescind a contract without the aid of equity
    and to recover at law, he must restore or tender back to the
    other party what he has received.

Error to Wayne; White (Charles E.), J., presiding. Submitted June 19, 1928. (Docket No. 87, Calendar No. 33,816.) Decided October 24, 1928.

Assumpsit by Fred Wolfram, individually and as assignee, against Shifflet, Cumber & Company, for money paid on the fraudulent sale of corporate stock. Judgment for plaintiff for less than amount claimed. He brings error. Affirmed.

*Munro & Powell* (*Charles F. Meyler* and *Leo F. Covey,* of counsel), for appellant.

*MacKay, Wiley, Streeter, Smith & Tucker,* for appellee.

CLARK, J. Plaintiff contracted with Detroit Transmission Company, a corporation, to buy shares of its capital stock, both common and preferred, and did buy them. The agent of the corporation in making the sales was defendant, Shifflet, Cumber & Company, a corporation. Plaintiff, for averred fraud, decided to rescind. He gave notice of rescission and made tender to defendant, the agent, and not to the principal with whom he had contracted. He brought this suit against the agent and not against the principal. The theory of recovery in the trial was rescission. Plaintiff had judgment for the amount paid for common stock, it appearing that the agent was entitled under its agreement with its principal

to have the common stock or proceeds from sale thereof as its compensation. Plaintiff brings error, and the decisive question is his right to recover of the agent, on the basis of rescission, amount paid for preferred stock, and our discussion is of that question.

There was no contract between the plaintiff and defendant, the agent, and hence nothing as between them to rescind. It may be that defendant might have been required to respond in damages for its fraud, if any, but it may not be held on the theory of rescission of a contract to which it was not a party. Black on Rescission & Cancellation, §§ 32, 703.

Where one seeks to rescind a contract without the aid of equity and to recover at law, he must restore or tender back to the other party what he has received. The reason for this is that by his own act he thus may have legal right and title to the money in the hands of the other party, and he may sue for it in assumpsit. *Rott* v. *Goldman*, 236 Mich. 261.

Plaintiff here contracted with and paid the Detroit Transmission Company, not defendant, and such company paid under contract compensation to its agent, defendant, for its services on the sale. Plaintiff, in legal effect, paid nothing to defendant, and there is nothing in defendant's hands to which plaintiff may acquire right and title by tender. 13 C. J. p. 610. The question here considered was not raised in *Bentley* v. *Shifflet, Cumber & Co.*, 238 Mich. 5.

No other question is necessary to decision.

Defendant has not assigned error.

Judgment affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, MC-DONALD, POTTER, and SHARPE, JJ., concurred.