DeWITT v. MILLER.

1. CORPORATIONS — RESCISSION OF SALE OF STOCK — FRAUD — CONTRACTS—PRINCIPAL AND AGENT.

Buyer cannot recover from seller's agent purchase price of corporate stock on theory of rescission for fraud since there is no contract between buyer and agent to rescind.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—LACHES.

Question of laches in starting suit over four years after cause of action arose, on basis of rescission for fraud, is not reviewed where recovery is denied for another reason.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted June 4, 1935. (Docket No. 14, Calendar No. 37,615.) Decided October 11, 1935. Rehearing denied December 10, 1935.

Assumpsit by Alexander S. DeWitt against Harry R. Miller for money paid on the fraudulent sale of corporate stock. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

*Monaghan, Crowley, Reilley & Kellogg (Edward T. Kelley,* of counsel), for plaintiff.

*Kelly, Kelly & Kelly,* for defendant.

NORTH, J. Plaintiff, claiming to have rescinded an alleged fraudulent sale to him of corporate stock, brought this suit at law to recover the amounts paid. On trial by jury he had verdict and judgment. Defendant has appealed.

The Miller-Schorn Corporation, organized under the laws of this State, had an authorized capital stock of $50,000, the shares being $100 par value.

Its business was primarily owning and dealing in real estate. Defendant, Harry R. Miller, and his brother, John J. Miller, together with a Mr. Schorn were the original incorporators. Each held $5,000 par value of the total $15,000 of stock issued. Plaintiff alleges that in March, 1926, defendant Harry R. Miller by fraudulent misrepresentations induced plaintiff to purchase 30 shares of this stock owned by John J. Miller and to pay therefor $2,000. In June, 1927, an additional 15 shares of the corporation's stock were issued to plaintiff. For these 15 shares he gave his check in the amount of $1,000 to the Miller-Schorn Corporation. This corporation thereafter (1927) merged with another competing real estate company and the two became known as the Nagel-Miller Corporation. Plaintiff signed the agreement for this merger. He surrendered the stock he had previously purchased in the Miller-Schorn Corporation and received therefor 45 shares in the consolidated company. Plaintiff attended some of the meetings of the consolidated company but refused to attend others. In 1930 he was elected and served as secretary of the corporation.

The alleged fraudulent misrepresentations by which plaintiff claims defendant induced plaintiff to purchase the stock, in substance, were: that the Miller-Schorn Company was in good financial standing, had assets five to one, and would pay large dividends on money invested; that the corporation owned certain real estate which had been subdivided and was being placed upon the market by the Miller-Schorn Company, which land was free and clear of incumbrance; also that each of the original incorporators had invested $5,000 in the company. Defendant denied having made any fraudulent misrepresentations to plaintiff.

As noted above, this is a suit in assumpsit to recover damages incident to the purchase of corporate stock which plaintiff alleges he suffered in consequence of fraudulent misrepresentations made to him by defendant, such recovery being sought after an alleged rescission and a tender back of the stock purchased or of stock held in lieu thereof. In the trial court the defendant moved for a directed verdict and also made a motion for a new trial. In each the contention was made that plaintiff could not recover in this action for the following reason:

"Because the rescission does not apply and is not permitted in the case at bar, and if the defendant became in any manner liable to the plaintiff, (he) is liable so for damages and plaintiff failed to submit proofs of plaintiff's damage."

In this connection it should be noted the undisputed proof discloses that while defendant acted as his brother's agent in making the sale of the stock to plaintiff, defendant had no financial interest therein and received no compensation therefor. Under such a set of facts plaintiff cannot recover against the agent on the theory of rescission.

"Where a contract for the purchase of corporate stock was between the buyer and the corporation, an action for fraud may not be maintained against the agent who made the sale on the theory of rescission, since there was no contract to rescind to which the agent was a party, and if the agent may be required to respond in damages it must be on some other theory." *Wolfram* v. *Shifflet, Cumber & Co.* (syllabus), 244 Mich. 518.

Touching this phase of the case, appellee in his brief states:

"It is generally true that an agent is not liable in an action for rescission for misrepresentations made

by himself. But there are many exceptions to the rule. We have found no cases strictly in point. However the following cases were found suggestive and we believe support the result of the instant case." Citing *Nichols* v. *Buell,* 157 Mich. 609; *Pearson* v. *Wallace,* 204 Mich. 643; and decisions from other jurisdictions.

Neither of the two Michigan cases cited is in point. In this State the law is settled by decision in *Wolfram* v. *Shifflet, Cumber & Co., supra.*

The instant suit was started October 31, 1931. Plaintiff's right to recover is also challenged by defendant on the ground of laches. Inasmuch as decision is controlled by the phase of the law first above discussed, we deem it unnecessary to review the question of laches presented or numerous other alleged errors discussed in the briefs of counsel.

The judgment entered in the circuit court is reversed and the case remanded for entry of judgment in accordance herewith. Costs of both courts to appellant.

Potter, C. J., and Nelson Sharpe, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.