LEE E. DOBISON, MARY E. DOBISON, MILTON TRAGER and EMILY L. TRAGER, Plaintiffs-Appellants, *v*. BANK OF HAWAII, a Hawaii corporation, Defendant-Appellee

NO. 5887

DECEMBER 21, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, AND MENOR, JJ., AND CIRCUIT JUDGE SHINTAKU IN PLACE OF KIDWELL, J., DISQUALIFIED

*Per Curiam.* This is an appeal from a summary judgment entered in favor of defendant Bank of Hawaii. In their complaint, the plaintiffs charged that the bank, through its employees, had made certain oral misrepresentations regarding the financial status and business stability of a third party (Telecheck International, Inc.) to the detriment of the plaintiffs. They alleged fraud and negligence on the part of the bank. In its motion for summary judgment, the bank contended that under HRS § 656-3, it was entitled to judgment as a matter of law. The trial court held that the statute was a defense and granted summary judgment in favor of the defendant. The plaintiffs appeal.

HRS § 656-3 upon which the trial court's ruling was predicated provides:

"Representation of another's credit, etc., when actionable. No action shall be brought and maintained, to charge any person upon, or by reason of, any representa-

tion or assurance, made concerning the character, conduct, credit, ability, trade, or dealings of any other person, *unless such representation or assurance is made in writing, and signed by the party to be charged thereby, or by some person, thereunto by him lawfully authorized.*" (Emphasis added)

The statute is a defense but only where the representations were not made for the purpose of practicing fraud upon the plaintiffs. The avowed purpose of the statute of frauds was to prevent the perpetration of fraud. It still plays a meaningful role in assuring fair and honest dealings between parties to a transaction, but it was never designed to operate as an instrument of fraud or to serve as a vehicle by which unconscionable injury may be inflicted. *McIntosh v. Murphy*, 52 Haw. 29, 469 P.2d 177 (1970). Yet, this would be the inevitable result if, despite clear and convincing proof of fraud, the injured party may be made to suffer without a remedy. Accordingly, we hold that where an action for actual fraud will lie,[1] HRS § 656-3 will not constitute a bar to the action. *Cf. McIntosh v. Murphy, supra. See Scott v. Farmers State Bank,* 410 S.W.2d 717 (Ky. 1966); *Clark v. Dunham Lumber Co.,* 86 Ala. 220, 5 So. 560 (1889). In *Vertrees v. Head & Mathews,* 138 Ky. 83, 88, 127 S.W. 523, 525 (1910) the court said:

> "The statute does not embrace assurances or representations that are deceitfully or fraudulently made, or that are made with knowledge of their falsity, or in violation of a statute. It was not intended to save harmless from the consequences of false and fraudulent statements wrongdoers, or those who for purposes of gain or other motive would cheat or mislead. It was designed to protect persons who honestly and in good faith made assurances

---

[1] "Actual fraud contemplates false and fraudulent misrepresentations and undue influence intentionally exerted which accomplishes the end designed." Teixeira v. Teixeira, 37 Haw. 64, 70 (1945). *A fraudulent intent is an essential element of actual fraud.* Notley v. Notley, 23 Haw. 724 (1917). And fraud is never presumed, but must be proved by clear and convincing evidence. Peine v. Murphy, 46 Haw. 233, 377 P.2d 708 (1962).

respecting the credit or standing of another, and should be confined to this character of cases."

And in *Tooley v. Hayes*, 224 Mich. 25, 194 N.W. 513 (1923) the court stated:

> "If these representations were made for the purpose of defrauding plaintiff, and he relied on them to his injury, and suffered loss thereby, defendants cannot invoke the statute of frauds to escape liability."

In this case, however, there is absolutely no factual support in the record for the plaintiffs' allegations of fraud in their complaint. Plaintiff Dobison's own deposition negates the existence of actual fraud. On this question, the trial court properly found that there was no genuine issue of material fact and that the bank was entitled to summary judgment as a matter of law. The plaintiffs' other specifications of error are without merit.

Affirmed.

*Jerry A. Ruthruff (Chanin & Ruthruff,* of counsel) for plaintiffs-appellants.

*William F. Quinn (Goodsill Anderson & Quinn,* of counsel) for defendant-appellee.